IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

H. DOTSON CATHER, Individually and
as Trustee of the Diana Goff Cather
Trusts, RONALD W. GOODWIN, Power of
Attorney for Wilma R. Goodwin, LYNNE W.
REXROAD and DAVID R. REXROAD, on their own
behalf and as representatives of all other
individuals and entities similarly situated,

        Plaintiffs,

v.                      //   CIVIL ACTION NO. 1:09CV139
                             (Judge Keeley)
SENECA-UPSHUR PETROLEUM, INC.,
d/b/a Keyspan Production & Development
Company, National Grid, National Grid
Production and Development, f/k/a Houston
Exploration, FOREST OIL CORPORATION, ENERVEST
MANAGEMENT PARTNERS, LTD., and ENERVEST
MANAGEMENT, GP, L.C.,

        Defendants.

SENECA-UPSHUR PETROLEUM, INC.,

        Third-Party Plaintiff,

v.

FOREST OIL CORPORATION, ENERVEST
MANAGEMENT PARTNERS, LTD., ENERVEST
MANAGEMENT GP, L.C.,

        Third-Party Defendants.

MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS THE
CONSOLIDATED AMENDED COMPLAINT [DKT. NOS. 68, 82, 84];
AND DENYING WITHOUT PREJUDICE AND DENYING AS MOOT
DEFENDANTS' MOTIONS TO DISMISS BASED ON THE
THE STATUTES OF LIMITATIONS [DKT. NOS. 90, 92]

I. PROCEDURAL HISTORY

     The plaintiffs, H. Dotson Cather, individually and as Trustee

of the Diana Goff Cather Trusts, and Ronald W. Goodwin, Power of

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS THE
CONSOLIDATED AMENDED COMPLAINT AND DENYING WITHOUT
PREJUDICE AND DENYING AS MOOT DEFENDANTS' MOTIONS
TO DISMISS BASED ON THE STATUTES OF LIMITATIONS**

Attorney for Wilma R. Goodwin (collectively, "the plaintiffs"), filed a putative class action in the Circuit Court of Harrison County, West Virginia, on June 5, 2009. The original defendant, Seneca-Upshur Petroleum, Inc. ("Seneca-Upshur"), removed the case to this Court on October 9, 2009, on the basis of diversity jurisdiction pursuant to the Class Action Fairness Act. 28 U.S.C. 1332(d)(2).

On January 21, 2010, Seneca-Upshur filed a third-party complaint (dkt. no. 47) for indemnity, contribution and breach of warranty against EnerVest Management Partners, Ltd. (now EnerVest, Ltd.) and EnerVest Management GP, L.C. (collectively, "EnerVest"), and Forest Oil Corporation ("Forest Oil"). Following that, on April 23, 2010, the plaintiffs filed a consolidated amended complaint (dkt. no. 60) ("amended complaint"), adding as additional plaintiffs Lynne and David Rexroad (also "the plaintiffs") and asserting direct claims against EnerVest and Forest Oil. The amended complaint alleges that the plaintiffs are lessors, or fiduciaries of lessors, of certain oil and gas leases for which Seneca-Upshur, Forest Oil and EnerVest are or were responsible for paying out royalties and other monies due under those leases. The amended complaint includes claims for breach of contract (Count I),

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS THE
CONSOLIDATED AMENDED COMPLAINT AND DENYING WITHOUT
PREJUDICE AND DENYING AS MOOT DEFENDANTS' MOTIONS
TO DISMISS BASED ON THE STATUTES OF LIMITATIONS**

breach of fiduciary duty (Count II), fraud (Count III) and unlawful deceptive practices under the West Virginia Consumer Credit Protection Act, W. Va. Code § 46a-6-101, et seq. ("WVCCPA")(Count IV). Counts V through VII seek compensatory and punitive damages, a declaratory judgment as to the forfeiture of the leases, and treatment of the case as a class action pursuant to Fed. R. Civ. P. 23.

Pursuant to Fed. R. Civ. P. 12(b)(6), Forest Oil moved to dismiss the amended complaint (dkt. no. 68) on May 7, 2010, arguing that Counts I through IV are insufficiently pleaded. EnerVest, in whole, and Seneca-Upshur, in part, later joined Forest Oil's motion. (dkt. nos. 82 & 85). On June 7, 2010, Forest Oil filed a second motion to dismiss the amended complaint (dkt. no. 90) based on the statute of limitations applicable to each claim. On the same day, EnerVest also moved to dismiss (dkt. no. 92) on similar grounds.

At a status conference held on July 16, 2010, the Court heard argument from the parties on the motions, and, for the reasons stated on the record and as discussed below, **GRANTED-IN-PART** and **DENIED-IN-PART** the defendants' motions to dismiss the consolidated

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS THE
CONSOLIDATED AMENDED COMPLAINT AND DENYING WITHOUT
PREJUDICE AND DENYING AS MOOT DEFENDANTS' MOTIONS
TO DISMISS BASED ON THE STATUTES OF LIMITATIONS**

amended complaint, and **DENIED-IN-PART AS MOOT** the motions to
dismiss based on the statutes of limitations.

## II. <u>FACTUAL BACKGROUND</u>

The Cathers, Goodwin and Rexroads allege that at one time each
defendant leased oil and gas from members of the putative plaintiff
class, and that, pursuant to those leases, each defendant owes
additional royalty payments that have been wrongfully withheld due
to improper deductions taken for production and transportation
expenses. Specifically, the amended complaint alleges that, on
December 5, 1989, Wilma Goodwin, Diana Goff Cather and H. Dotson
Cather leased their oil and gas interests underlying a 1,280 acre
tract in Harrison County, West Virginia to Convest Energy
Corporation. Eventually, the interest in this particular lease was
conveyed to Houston Exploration ("Houston"), and, pursuant to an
asset contribution agreement (dkt. no 19-3), Houston conveyed its
interests in the lease to Seneca-Upshur on June 1, 2004. According
to Seneca-Upshur's third-party complaint and the more definite
statement filed by the plaintiffs, Houston later merged with Forest
Oil in 2007.

The amended complaint also alleges that, on April 1, 1971 and
May 2, 1984, Lynne and David Rexroad leased their oil and gas

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS THE
CONSOLIDATED AMENDED COMPLAINT AND DENYING WITHOUT
PREJUDICE AND DENYING AS MOOT DEFENDANTS' MOTIONS
TO DISMISS BASED ON THE STATUTES OF LIMITATIONS**

interests underlying a 50 acre tract and a 43 acre tract, respectively, in Upshur County, West Virginia to Union Drilling, Inc. Pursuant to a sales agreement (dkt. no. 19-2), on July 1, 1995, Union Drilling conveyed its interest in these particular leases to EnerVest,[1] which then conveyed those interests to Houston on December 1, 2003. Pursuant to another asset contribution agreement (dkt. no. 19-3), those leaseholds were eventually conveyed to Seneca-Upshur in June 2004. According to the plaintiffs, while these lease agreements were in effect, Seneca-Upshur, Forest Oil (then Houston), and EnerVest all took wrongful deductions for production and transportation costs from the proper royalty amounts they owed the plaintiffs under the leases.

## III. DISCUSSION

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter which, if accepted as true, states a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A

---

[1]     The lease was not assigned to the named EnerVest defendants, but rather to an entity named EnerVest East Limited Partnership, which was later dissolved. EnerVest, Ltd. was the general partner of EnerVest East, and EnerVest Management GP, L.C. was and is the general partner of EnerVest Management Partners, Ltd.

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS THE
CONSOLIDATED AMENDED COMPLAINT AND DENYING WITHOUT
PREJUDICE AND DENYING AS MOOT DEFENDANTS' MOTIONS
TO DISMISS BASED ON THE STATUTES OF LIMITATIONS**

dismissal should be granted where the facts as alleged clearly demonstrate that the plaintiff does not state a claim and is not entitled to relief. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 at 344-45 (3d ed. 2007). The Fourth Circuit has recognized that a statute of limitations may be raised as a bar to a cause of action by a motion to dismiss where the time bar is apparent on the face of the complaint. See Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005).

A.    **The Defendants' Motions to Dismiss the Consolidated Amended Complaint**

1.    **The Breach of Contract Claims**

Forest Oil and EnerVest assert that the plaintiffs' breach of contract claims fail to put them on notice as to a single contract that Forest Oil or EnerVest breached. To pursue a breach of contract action, a plaintiff must make out a complete contract and allege a breach of its terms. McDaniel v. Travelers Property Cas. Ins. Co., 121 F. Supp.2d 508, 511 (N.D.W. Va. 2000).

As noted earlier, the plaintiffs' amended complaint alleges that the Cathers and Goodwin leased the gas and oil interests underlying a 1,280 acre tract in Harrison County to Convest Energy Corporation in 1989. The Cathers and Goodwin later filed this

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS THE
CONSOLIDATED AMENDED COMPLAINT AND DENYING WITHOUT
PREJUDICE AND DENYING AS MOOT DEFENDANTS' MOTIONS
TO DISMISS BASED ON THE STATUTES OF LIMITATIONS**

particular lease as a representative lease on December 11, 2009.
(dkt. no. 36). The amended complaint also alleges that the Rexroads
leased oil and gas interests in two separate tracts in Upshur
County to Union Drilling Inc. in April 1971 and May 1984. It
further alleges that other members of the putative plaintiff class
were parties to similar lease agreements with the defendants. Given
these allegations, the plaintiffs have satisfactorily made out
complete leases or contracts pursuant to <u>McDaniel</u>, 121 F. Supp.2d
at 511.

The amended complaint further alleges that each lease
contained certain obligations that Forest Oil, EnerVest and Seneca-
Upshur have breached. Paragraph (9) of the amended complaint
provides:

> The Defendants agreed, or assumed the
> responsibility, to pay to Plaintiffs a royalty
> on all the gas and oil produced from the wells
> on the aforesaid leases as set forth in such
> leases, which usually required a payment of
> the value of 1/8 of the oil and natural gas
> produced from each said well at the wellhead
> or well site of each said well, at the fair
> and reasonable market price for all gas and
> oil production without any deductions for
> costs or expenses incurred by the Defendants,
> including but not limited to, deductions for
> production, marketing or transportation costs
> of such minerals.

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS THE
CONSOLIDATED AMENDED COMPLAINT AND DENYING WITHOUT
PREJUDICE AND DENYING AS MOOT DEFENDANTS' MOTIONS
TO DISMISS BASED ON THE STATUTES OF LIMITATIONS**

Am. Compl. at 9 (dkt. no. 60). The existence of these obligations is confirmed by Paragraphs 3(a) and 3(b) of the representative lease (dkt. no. 36-1):

> (a) Lessee covenants and agrees to deliver to the credit of Lessor, his heirs or assigns, free of costs, a royalty of one-eighth (1/8) of the gross proceeds of all of the oil produced and saved from any of its wells on the leased premises.

> (b) Lessee covenants and agrees to pay Lessor as a royalty for the gas from each and every well drilled on said premises producing gas, an amount equal to one-eighth (1/8) of the gross proceeds received from the sale of same at the actual price for gas sold at the well, for all gas saved and marketed from the said premises, payable monthly by Lessor within 45 days of receipt of payment for gas sold.

Representative Oil and Gas Lease at 3 (dkt. no. 36-1).

The amended complaint alleges that Forest Oil, EnerVest and Seneca-Upshur breached these lease agreements by failing to pay the correct royalty amounts. The plaintiffs, therefore, have adequately pleaded breach of contract claims.

Forest Oil and EnerVest argue, however, that the amended complaint does not put them on notice of breach of contract claims

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS THE
CONSOLIDATED AMENDED COMPLAINT AND DENYING WITHOUT
PREJUDICE AND DENYING AS MOOT DEFENDANTS' MOTIONS
TO DISMISS BASED ON THE STATUTES OF LIMITATIONS**

because it fails to adequately plead how Forest Oil and EnerVest are parties to the leases. This additional argument also fails.

An agreement by a corporation to purchase another corporation's assets and assume its liabilities makes the purchaser liable for the other's debts. <u>Davis v. Celotex Corp.</u>, 420 S.E.2d 557, 562 (W. Va. 1992). Paragraphs 5(a) through 5(e) of the amended complaint explain in great detail how the two leases held by the Rexroads were eventually conveyed to EnerVest "by an Assignment, Bill of Sale and Conveyance dated December 1, 2003 and recorded in the office of the Clerk of the Harrison County Commission in Book 1359 at Page 820." Am. Compl. at 5(a)-(e) (dkt. no. 60). Because the amended complaint makes out a complete contract with EnerVest, explains how EnerVest became a party to the contract, and alleges that EnerVest breached the contract, EnerVest's motion to dismiss the breach of contract claims is without merit.

As to Forest Oil's motion, the connection between Forest Oil and the leases in issue is not so clearly established. Paragraph 3 of the amended complaint names Forest Oil only as a lessee or ultimate assignee of the leases. <u>Id.</u> at 3. Paragraphs 4 and 5 go on to allege that all of the leases were eventually conveyed to Houston on June 1, 2003, and December 1, 2003. <u>Id.</u> at 4(f), 5(e).

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS THE
CONSOLIDATED AMENDED COMPLAINT AND DENYING WITHOUT
PREJUDICE AND DENYING AS MOOT DEFENDANTS' MOTIONS
TO DISMISS BASED ON THE STATUTES OF LIMITATIONS**

While Forest Oil does not dispute that it merged with Houston in 2007, <u>see</u> Forest Oil's Answer to Third-Party Compl. at 2 (dkt. no. 51), the plaintiffs failed to plead this merger in their amended complaint despite the fact that, if pleaded, such merger would be sufficient to allow the plaintiffs to pursue a breach of contract claim against Forest Oil on the basis of lease agreements to which Houston was a party. <u>See</u> W. Va. Code, 31-1-37(a)(5)(2010)("Such surviving or new corporation shall henceforth be responsible and liable for all the liabilities and obligations of each of the corporations so merged or consolidated; and any claim existing or action or proceeding pending by or against any of such corporations may be prosecuted as if such merger or consolidation had not taken place, or such surviving or new corporations may be substituted in its place.").

At the hearing on July 16, 2010, the Court construed Forest Oil's motion to dismiss as a motion for a more definite statement and directed the plaintiffs to file a more definite statement or amend their complaint on or before July 30, 2010. The plaintiffs filed a more definite statement on July 30 that alleged Houston merged with Forest Oil in 2007. <u>See</u> Plaintiffs' More Definite Statement (dkt. no. 111). With that allegation, the plaintiffs have

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS THE
CONSOLIDATED AMENDED COMPLAINT AND DENYING WITHOUT
PREJUDICE AND DENYING AS MOOT DEFENDANTS' MOTIONS
TO DISMISS BASED ON THE STATUTES OF LIMITATIONS**

pleaded sufficient facts to put Forest Oil and EnerVest on notice
of their alleged breaches of contract.  The amended complaint thus
survives Forest Oil and EnerVest's motions to dismiss the
plaintiffs' breach of contract claims.

    **2.**   **The Breach of Fiduciary Duty Claims**

Forest Oil, EnerVest and Seneca-Upshur argue that the
plaintiffs' breach of fiduciary duty claims fail because a lessee
of an oil and gas lease owes no heightened duty to its lessors.
The plaintiffs, however, contend that they placed their trust and
confidence in the defendants to accurately account for all oil and
gas production and to pay the correct amount of royalties.
Accordingly, they contend their trust and confidence in the
defendants created a fiduciary relationship that the defendants
breached when they failed to carry out their obligations in
accordance with the trust reposed in them by the plaintiffs.

Chief Judge Cardozo famously described the obligations imposed
on a fiduciary in <u>Meinhard v. Salmon</u>:

> Many forms of conduct permissible in a
> workaday world for those acting at arm's
> length, are forbidden to those bound by
> fiduciary ties. A trustee is held to something
> stricter than the morals of the market place.
> Not honesty alone, but the punctilio of an
> honor the most sensitive, is then the standard

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS THE
CONSOLIDATED AMENDED COMPLAINT AND DENYING WITHOUT
PREJUDICE AND DENYING AS MOOT DEFENDANTS' MOTIONS
TO DISMISS BASED ON THE STATUTES OF LIMITATIONS**

> of behavior. As to this there has developed a
> tradition that is unbending and inveterate.
> Uncompromising rigidity has been the attitude
> of courts of equity when petitioned to
> undermine the rule of undivided loyalty by the
> "disintegrating erosion" of particular
> exceptions. Only thus has the level of conduct
> for fiduciaries been kept at a level higher
> than that trodden by the crowd.

249 N.Y. 458, 464 (1928).

In West Virginia, a fiduciary duty is "'[a] duty to act for someone else's benefit, while subordinating one's personal interests to that of the other person. It is the highest standard of duty implied by law[.]'" Elmore v. State Farm Mutual Insurance Co., 504 S.E.2d 893, 898, 202 W. Va. 430, 435 (1998) (quoting Black's Law Dictionary 625 (6th ed. 1990)). In other words, a fiduciary duty is considered uncommon and "extraordinarily strict," and is to be imposed only upon one who has agreed to support another's interests above his own. Wellman v. Bobcat Oil & Gas, Inc., No. 3:10cv147, 2010 U.S. Dist. LEXIS 68133, at *8 (S.D.W. Va. July 8, 2010) (Chambers, J.).

Wellman held that such a heightened duty does not exist in the context of an oil and gas lease. It found that West Virginia has defined the duty owed by an oil and gas operator to a royalty owner to be one of "ordinary prudence." 2010 U.S. Dist. LEXIS 68133, at

12

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS THE
CONSOLIDATED AMENDED COMPLAINT AND DENYING WITHOUT
PREJUDICE AND DENYING AS MOOT DEFENDANTS' MOTIONS
TO DISMISS BASED ON THE STATUTES OF LIMITATIONS**

*9 (citing Grass v. Big Creek Development Co., 84 S.E. 750, 753, 75

W. Va. 719, 728 (1915)). In Grass, the West Virginia Supreme Court

of Appeals held that

> [w]here the object of the operations
> contemplated by an oil and gas lease is to
> obtain a benefit or profit for both lessor and
> lessee, neither is[,] in the absence of a
> stipulation to that effect[,] the arbiter of .
> . . the diligence with which the operations
> shall proceed; but both are bound by the
> standard of what, in the circumstances, would
> be reasonably expected of operators of
> ordinary prudence, having regard to the
> interests of both.

75 W. Va. at 728. Grass further reasoned that "[the operator] must

deal with the leased premises . . . so as to promote the mutual

advantage and profit of himself and the lessor." Id.  Thus, the

duty of ordinary prudence imposed upon an oil and gas operator to

"promote the mutual advantage and profit of [both parties to an oil

and gas lease]" is different from a fiduciary's duty to "act for

[the lessor's] benefit, while subordinating [the lessor's own

interest] to that of [the lessee]."  Elmore, 202 W. Va. at 435

(internal citation and quote marks omitted).

By their plain terms, the oil and gas leases in dispute in

this case were drafted to provide mutual profit to both the

defendants and the plaintiffs. Under West Virginia law, therefore,

13

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS THE
CONSOLIDATED AMENDED COMPLAINT AND DENYING WITHOUT
PREJUDICE AND DENYING AS MOOT DEFENDANTS' MOTIONS
TO DISMISS BASED ON THE STATUTES OF LIMITATIONS**

Forest Oil, Seneca-Upshur and EnerVest were required to promote the parties' mutual advantages and profits under a standard of "ordinary prudence."

While the plaintiffs certainly reposed confidence and trust in the defendants as operators pursuant to these leases, under West Virginia law this trust and confidence does not give rise to an agreement, implicit or otherwise, by which the defendants agreed "to support [the plaintiffs'] interest[s] above [the defendants'] own." See Elmore, 202 W. Va at 436 ("[A]s a general rule, a fiduciary relationship is established only when it is shown that the confidence reposed by one person was actually accepted by the other, and merely reposing confidence in another may not, of itself, create the relationship."). Instead, the duty owed by oil and gas lessees to their lessors is a duty of ordinary prudence. Wellman, 2010 U.S. Dist. LEXIS 68133, at *9.   Because the defendants owed no duty to the plaintiffs beyond one of ordinary prudence, the Court **GRANTS** the defendants' motions to dismiss the plaintiffs' breach of fiduciary duty claims.

3.   **The Fraud Claims**

The defendants also seek dismissal of plaintiffs' fraud claims, arguing that, under the heightened pleading standards of

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS THE
CONSOLIDATED AMENDED COMPLAINT AND DENYING WITHOUT
PREJUDICE AND DENYING AS MOOT DEFENDANTS' MOTIONS
TO DISMISS BASED ON THE STATUTES OF LIMITATIONS**

Fed. R. Civ. P. 9(b), the plaintiffs did not plead the relevant facts of their claims with particularity. When pleading fraud or mistake, a party must state with particularity the factual circumstances constituting the alleged fraud or mistake. See Fed. R. Civ. P. 9(b). The Fourth Circuit has held that, under Rule 9(b), a claim for fraud must state "the time, place, and contents of the false representations as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Company, 176 F.3d 776, 784 (4th Cir. 1999) (requiring more notice than required under Rule 8, so that the defendant can prepare an adequate answer).

In Wellman, where a similar issue was raised, the district court concluded that the plaintiffs had not pleaded their fraud claim with adequate particularity:

> It is not explained, for example, whether the only fact [Defendant] allegedly concealed was that it was producing gas or whether there were misrepresentations made in response to Plaintiffs' inquiries. It is not claimed whether Plaintiffs made inquiries. It is not stated over what time period this concealment and/or these misrepresentations occurred. It is not alleged what individual was responsible for these fraudulent acts.

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS THE
CONSOLIDATED AMENDED COMPLAINT AND DENYING WITHOUT
PREJUDICE AND DENYING AS MOOT DEFENDANTS' MOTIONS
TO DISMISS BASED ON THE STATUTES OF LIMITATIONS**

2010 U.S. Dist. LEXIS 68133, at *12. Because the plaintiffs' fraud allegations were too general to survive a motion pursuant to Fed. R. Civ. P. 9(b), the district court dismissed those claims.

Here, the plaintiffs' amended complaint is pleaded with more particularity than the deficient complaint in <u>Wellman</u>. Although it alleges the same basic fraud theory, the amended complaint here describes the time, place, identities and content of the alleged fraudulent activity, as required by Rule 9(b). It also describes the specific leases under which the defendants operated, the time when each defendant took over each lease, and when each defendant was responsible for making the proper payment. Importantly, it alleges that the fraudulent activity occurred when the defendants failed to pay the full amount of royalties owed to the plaintiffs, and when they "mail[ed] . . . deliberately inaccurate documents describing the transactions between Plaintiffs and the Defendants and which omitted material facts and information regarding payment of royalties." Am. Compl. at 12 (dkt. no. 60).

Given that the alleged fraud involved inaccurate financial statements, it would be exceedingly difficult, if not impossible, for the plaintiffs to provide more detailed information without having access to accounting information available only to the

16

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS THE
CONSOLIDATED AMENDED COMPLAINT AND DENYING WITHOUT
PREJUDICE AND DENYING AS MOOT DEFENDANTS' MOTIONS
TO DISMISS BASED ON THE STATUTES OF LIMITATIONS**

defendants. Moreover, even without this additional information, the amended complaint easily meets the basic pleading requirements of Rule 9(b), as it provides a description of the time, place, identity, and manner in which the alleged fraudulent activity occurred in sufficient detail to put Forest Oil, EnerVest and Seneca-Upshur on notice of the plaintiffs' fraud claims and to allow them to answer. The Court therefore **DENIES** the defendants' motions to dismiss the plaintiffs' fraud claims.

### 4.   The WVCCPA Claims

Finally, the defendants argue that the plaintiffs' WVCCPA claims fail because the plaintiff lessees are not "consumers" under the statute. Article (6) of the WVCCPA defines a "consumer" as "a natural person to whom a sale or lease is made in a consumer transaction."   W. Va. Code § 46A-6-102(2).   A "consumer transaction" is defined as "a sale or lease to a natural person or persons for a personal, family, household or agricultural purpose." Id.  Moreover, the WVCCPA's "General Definitions," W. Va. Code § 46A-1-102, define the term "consumer" to mean "a natural person who incurs debt pursuant to a consumer credit sale or a consumer loan, or debt or other obligations pursuant to a consumer lease."

### MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT AND DENYING WITHOUT PREJUDICE AND DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS BASED ON THE STATUTES OF LIMITATIONS

While the plaintiffs, as they must, concede that they do not qualify as "consumers" under the WVCCPA's definition, they contend that such status is irrelevant because the scope of W. Va. Code § 46A-6-104 is not limited to claims by consumers. See W. Va. Code § 46A-6-104 ("Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."); see also W. Va. Code § 46A-6-102(6) ("'Trade' or 'commerce' means the advertising, offering for sale, sale or distribution of any goods or services and shall include any trade or commerce, directly or indirectly, affecting the people of this state."). They argue that Forest Oil, EnerVest and Seneca-Upshur engaged in deceptive practices under W. Va. Code § 46A-6-104, and that such conduct constitutes unlawful activity under the WVCCPA regardless of whether a party is a "consumer."

Ultimately, this argument fails. Although the plaintiffs correctly note that W. Va. Code § 46A-6-104 does not include the words "consumer" or "consumer transaction," a careful review of the statute convinces the Court that this omission does not lead to the conclusion that the scope of W. Va. Code § 46A-6-104 was intended to extend to non-consumer transactions. Article 1 of the WVCCPA, entitled "Application," provides:

18

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS THE
CONSOLIDATED AMENDED COMPLAINT AND DENYING WITHOUT
PREJUDICE AND DENYING AS MOOT DEFENDANTS' MOTIONS
TO DISMISS BASED ON THE STATUTES OF LIMITATIONS**

> [Chapter 46A] applies if a **consumer**, who is a
> resident of this state, is induced to enter
> into a consumer credit sale made pursuant to a
> revolving charge account, to enter into a
> revolving charge account, to enter into a
> consumer loan made pursuant to a revolving
> loan account, or to enter into a consumer
> lease, by personal or mail solicitation, **and
> the goods, services or proceeds are delivered
> to the consumer in this state**, and payment on
> such account is to be made from this state.

W. Va. Code § 46A-1-104 (emphasis added). Moreover, Article 6,

which contains the deceptive practices provision, is entitled

"General Consumer Protection." W. Va. Code § 46A-6.

    In construing the meaning of these provisions, the Court looks

to West Virginia's "long-standing rules of interpretation [that]

begin with the question of whether the statute being interpreted is

clear and without ambiguity. Where the language of a statute is

clear and without ambiguity the plain meaning is to be accepted

without resorting to the rules of interpretation." L.H. Jones

Equipment Co. v. Swenson Spreader LLC, 687 S.E.2d 353, 358 (W. Va.

2009) (citing Syl. Pt. 2, State v. Elder, 152 W.Va. 571, 165 S.E.2d

108 (1968)). "It is also well established that every word in a

statute should be given its typical meaning," and that "the intent

of the legislature be acknowledged when interpreting a statute."

Id.

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS THE
CONSOLIDATED AMENDED COMPLAINT AND DENYING WITHOUT
PREJUDICE AND DENYING AS MOOT DEFENDANTS' MOTIONS
TO DISMISS BASED ON THE STATUTES OF LIMITATIONS**

Under these principles of statutory construction, the relevant provisions of the WVCCPA are clear and unambiguous and their plain meaning must be accepted. <u>Id.</u> Thus, whether a particular provision of the WVCCPA excludes the word "consumer," by its plain terms that statute protects only those persons qualifying as consumers and dealing in consumer transactions.

Because the plaintiffs in this case are lessors of oil and natural gas, and not "consumers" as defined in W. Va. Code §§ 46A-6-102(2) or 46A-1-102, the WVCCPA does not provide them with a legal remedy in this case. The Court therefore **GRANTS** the defendants' motions to dismiss the plaintiffs' WVCCPA claims.

**B.    The Defendants' Motions to Dismiss Based on Applicable
       Statute of Limitations**

Forest Oil and EnerVest argue that all of the plaintiffs' claims are barred, or at least limited, by the statute of limitations applicable to each claim. Because the Court has already dismissed the plaintiffs' breach of fiduciary duty and WVCCPA claims, Forest Oil and EnerVest's argument to dismiss the breach of fiduciary duty and WVCCPA claims on the applicable statutes of limitations is **MOOT**. With respect to the plaintiffs' contract and fraud claims, however, the defendants contend they are barred by

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS THE
CONSOLIDATED AMENDED COMPLAINT AND DENYING WITHOUT
PREJUDICE AND DENYING AS MOOT DEFENDANTS' MOTIONS
TO DISMISS BASED ON THE STATUTES OF LIMITATIONS**

W. Va. Code § 55-2-6's ten-year limitation period and W. Va. Code § 55-2-12's two-year limitation period, respectively.

As a threshold matter, where jurisdiction is founded on diversity of citizenship, West Virginia law determines when the statute of limitations begins to run. <u>Patrick v. Sharon Steel Corp.</u>, 549 F. Supp. 1259, 1263 (N.D.W. Va. 1982); <u>see also</u> <u>Granahan v. Pearson</u>, 782 F.2d 30, 31 (4th Cir. 1985). Forest Oil thinly supports its assertion that federal law controls this issue with a case based on federal question, not diversity, jurisdiction that is clearly inapposite. <u>See</u> <u>Estate of Dearing v. Dearing</u>, 646 F. Supp. 903 (S.D.W. Va. 1986) (holding that, although state law provided the statute of limitations for a claim filed pursuant to Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5, federal law determined when that period began to run).

1.      **The Statute of Limitations for a Contract Claim**

Forest Oil and EnerVest assert that W. Va. Code § 55-2-6 bars contract claims filed more than 10 years after the performance owed under a contract becomes due. <u>G.T. Fogle & Co. V. King</u>, 51 S.E.2d 776, 132 W. Va. 224 (1948). They therefore argue that plaintiffs may not pursue any breach of contract claim pertaining to royalty payments made prior to April 23, 2000. The plaintiffs, however,

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS THE
CONSOLIDATED AMENDED COMPLAINT AND DENYING WITHOUT
PREJUDICE AND DENYING AS MOOT DEFENDANTS' MOTIONS
TO DISMISS BASED ON THE STATUTES OF LIMITATIONS**

contend that under the discovery rule the 10-year limitation period begins to run only when the contractual breach became known, and that ascertaining this date presents an unresolved question of fact for the jury. See Syl. Pt. 3, Stemple v. Dobson, 400 S.E.2d 561, 562, 184 W. Va. 317, 318 (1990). Forest Oil, however, argues that in West Virginia the discovery rule does not apply to breach of contract cases.

Under the discovery rule, the statute of limitations begins to run when "the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury." Syl. Pt. 3, Dunn v. Rockwell, 689 S.E.2d 255 (W. Va. 2009) (citing Syl. Pt. 4, Gaither v. City Hosp., Inc., 199 W.Va. 706 (1997)). The discovery rule is generally applicable in all tort cases unless there is a clear statutory prohibition against its application. Dunn, 689 S.E.2d at 264.

Whether the discovery rule extends to a breach of contract claim, however, has never been explicitly decided by the West Virginia Supreme Court of Appeals. In Gateway Communications, Inc.

MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS THE
CONSOLIDATED AMENDED COMPLAINT AND DENYING WITHOUT
PREJUDICE AND DENYING AS MOOT DEFENDANTS' MOTIONS
TO DISMISS BASED ON THE STATUTES OF LIMITATIONS

v. John R. Hess, Inc., the court noted that the discovery rule has never been extended to claims for breach of construction contracts. 541 S.E.2d 595, 208 W. Va. 505 (2000). Prior to that, in McKenzie v. Cherry River Coal & Coke Co., a case involving a dispute over coal leases, the court noted that it had "consistently held that the statute of limitations begins to run when the breach of the contract occurs or when the act breaching the contract becomes known." 466 S.E.2d 810, 817, 195 W. Va. 742, 749 (1995) (per curiam). While not expressly using the term "discovery rule," the decision in McKenzie strongly suggests that West Virginia would apply the discovery rule to cases involving contractual disputes over mineral leases.

Both Forest Oil and EnerVest argue that the discovery rule should not apply to the type of breach of contract claims asserted by the plaintiffs because, unlike tort claims, such breaches may be discovered by lessees who, in the exercise of ordinary diligence, read their leases or lease invoices. The plaintiffs respond forcefully that, because their amended complaint alleges that the defendants included fraudulent information with their financial statements, they could not have learned of the defendants' alleged contract breaches through the exercise of ordinary diligence.

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS THE
CONSOLIDATED AMENDED COMPLAINT AND DENYING WITHOUT
PREJUDICE AND DENYING AS MOOT DEFENDANTS' MOTIONS
TO DISMISS BASED ON THE STATUTES OF LIMITATIONS**

Whether the discovery rule applies to the plaintiffs' contract claims raises questions of fact and law that cannot be decided on the present motion to dismiss.   The Court therefore **DENIES** the motion **WITHOUT PREJUDICE**.

**2.    The Statute of Limitations for a Fraud Claim**

The parties agree that, under W. Va. Code § 55-2-12, a two-year statute of limitations governs fraud claims. They also agree that the discovery rule applies to these claims. The two-year limitation period for filing the present fraud claims thus would not have been triggered until the plaintiffs either knew or should have known of their claims. See Stemple, 184 W. Va. at 320.

According to Forest Oil and EnerVest, the plaintiffs should have known prior to April 23, 2008 whether deductions from their royalty payments were being taken by the defendants because the decision in Estate of Tawney v. Columbia Natural Resources, L.L.C., 633 S.E.2d 22, 219 W. Va. 266 (2006), put them on notice about the possibility of such deductions and should have prompted their inquiry. The plaintiffs, however, contend that, because the defendants never disclosed such deductions in their financial statements, they were unable to discover the fraudulent activity from a mere review of invoices.  Furthermore, they assert that

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS THE
CONSOLIDATED AMENDED COMPLAINT AND DENYING WITHOUT
PREJUDICE AND DENYING AS MOOT DEFENDANTS' MOTIONS
TO DISMISS BASED ON THE STATUTES OF LIMITATIONS**

Tawney did not put them on notice of their rights because that case involved leases distinctly different from those at issue in this case.

Whether a plaintiff "knows of" or "discovered" a cause of action is determined by an objective test that focuses on whether a reasonably prudent person in the place of the plaintiffs would have known or, by the exercise of reasonable diligence, should have known of a possible cause of action. Dunn, 689 S.E.2d at 265. Under West Virginia law, such an inquiry is a question of fact typically reserved for the jury. Id.

Although Forest Oil relies on this Court's prior decision in University of W. Va. Bd. of Trustees v. VanVoorhies, 84 F. Supp. 2d 759, 769 (N.D.W. Va. 2000), to support its argument for dismissal, the plaintiff in that case had been aware of every fact involved in his fraud claim for more than two years prior to filing suit. Id. at 769. Unlike VanVoorhies, there is a significant dispute in this case about when the plaintiffs knew or should have known about the defendants' deductions. Discovery is needed to determine whether the plaintiffs knew or should have known about their fraud claims more than two years prior to filing their lawsuit. Because Forest Oil and EnerVest fail to demonstrate that the plaintiffs' fraud

### MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT AND DENYING WITHOUT PREJUDICE AND DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS BASED ON THE STATUTES OF LIMITATIONS

claims in the amended complaint are time-barred, the Court **DENIES** their motions to dismiss those claims.

### IV. <u>CONCLUSION</u>

As discussed above, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the defendants' motions to dismiss the consolidated amended complaint (dkt. nos. 68, 82, 84).  Specifically, it:

- **GRANTS** the defendants' motions to dismiss the plaintiffs' breach of fiduciary duty and West Virginia Consumer Credit and Protection Act claims; and

- **DENIES** the defendants' motions to dismiss the plaintiffs' fraud and breach of contract claims.

It also **DENIES WITHOUT PREJUDICE** and **DENIES AS MOOT** the defendants' motions to dismiss the plaintiffs' claims based on the applicable statute of limitations (dkt. nos. 90, 92). Specifically, it:

- **DENIES WITHOUT PREJUDICE** the defendants' motions to dismiss the plaintiffs' contract claims based on the statutes of limitations;

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS THE
CONSOLIDATED AMENDED COMPLAINT AND DENYING WITHOUT
PREJUDICE AND DENYING AS MOOT DEFENDANTS' MOTIONS
TO DISMISS BASED ON THE STATUTES OF LIMITATIONS**

- **DENIES WITHOUT PREJUDICE** the defendants' motions to dismiss the plaintiffs' fraud claims based on the statute of limitations; and

- **DENIES AS MOOT** the defendants' motions to dismiss the plaintiffs' breach of fiduciary duty and West Virginia Consumer Credit and Protection Act claims based on the statutes of limitations.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: August 18, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

27